United States District Court
Middle District of Florida
Jacksonville Division

**DANIEL VERNON, CNA**

    **Plaintiff,**

**v.**                                                                                                          **NO. 3:21-cv-740-BJD-LLL**

**DUVAL MEDICAL INVESTORS, LLC,**
**d/b/a LIFE CARE CENTER JACKSONVILLE**
**AND LIFE CARE CENTERS OF AMERICA, INC.**

    **Defendants.**
_____

### Stipulated Protective Order

The Court having found the parties' Joint Motion for Stipulated Protective Order for the Protection and Exchange of Confidential Information and Documents doc. 27, to be well-founded, doc. 28, issues this Stipulated Protective Order governing the confidential information obtained in this case:

1. Any party to this Stipulation For The Protection And Exchange Of Confidential Information And Documents ("Stipulation") may designate as "Confidential and Protected Information": (1) any medical, personnel, financial, confidential, payroll records or otherwise personal information, documentation or files that pertain to any current or former employees of Defendants; and (2) any medical, treatment-related, proprietary, financial, business, consumer, confidential or otherwise sensitive information, documentation or files pertaining to Defendants, and its

affiliates, clients and/or customers. The parties may designate materials as "Confidential and Protected Information" at any time up to the then-in-effect discovery deadline, currently September 30, 2022 per the Case Management and Scheduling Order, doc. 15.

2. "Confidential and Protected Information" shall be used solely for the purposes of this litigation, *Daniel Vernon, CNA v. Duval Medical Investors, LLC d/b/a Life Care Center Jacksonville and Life Care Centers of America, Inc.*, in the United States District Court for the Middle District of Florida, Jacksonville Division, Case No. 3:21-cv-00740-BJD-LLL (the "Litigation"), and not for any other purpose, litigation or proceeding.

3. Confidential Information shall be labeled or otherwise designated "Confidential" or the equivalent. Any confidential designation that inadvertently is omitted subsequent to the entry of this Stipulation may be corrected by written notification to opposing counsel, in accordance with Paragraph 1 of this Stipulation.

4. During a deposition in this litigation, a deponent may be shown and examined about Confidential Information. At the deposition, or within ten (10) days after receiving a copy, a party or a deponent may designate portions of the transcript, and/or exhibits, as Confidential Information. Until the expiration of the 10-day period, the transcript and exhibits shall be treated as Confidential Information, but when such 10-day period expires, only those pages of the transcript and exhibits designated as such shall be confidential. Thereafter, the original and all copies of such pages and exhibits shall be stamped as "Confidential" or the equivalent, as set forth in

this Stipulation, and the title page of the transcript shall state "Contains Confidential and Protected Information."

5. Confidential Information (including portions of deposition transcripts and interrogatory responses) or information derived therefrom may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined to consist of:

(a) The Court in this Litigation;

(b) The parties to this Litigation, including those employees deemed necessary to aid counsel in the prosecution and defense thereof.

(c) Counsel for the parties in this Litigation and the legal, paralegal, clerical, and secretarial staff employed by such counsel;

(d) Deponents, witnesses and possible witnesses, including experts (whether or not retained to testify) utilized in connection with this Litigation;

(e) Court reporters; and

(f) Any other person(s) agreed to in writing by both counsel for the parties.

6. (a) A receiving party who seeks to file with the Court in this Litigation deposition transcripts, exhibits, answers to interrogatories, and/or other documents that previously have been designated as comprising or containing Confidential Information, and/or any pleading, brief or memorandum that reproduces, paraphrases or discloses Confidential Information, shall provide the opposing party with five (5) business days' written notice of its intent to file such material with the Court in this Litigation, so that the producing party may file amotion to seal such Confidential

Information. Failure of the producing party to file a motion to seal within five (5) business days of receiving notice, will result in the producing party waiving the Confidential Information designation and the receiving party may proceed with the filing of the previously designated Confidential Information with the Court without violating this Stipulation. If the producing party files an Order to Show Cause not later than the fifth (5th) business day after receiving the written notice described in this paragraph 6(a), the Confidential Information shall not be filed until the Court in this Litigation renders a decision on the motion to seal.

(b) In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and any other documents that previously have been designated by a party as comprising or containing the specific Confidential Information for which the motion to seal has been granted, and any pleading, brief or memorandum that reproduces, paraphrases or discloses that specific Confidential Information for which the motion to seal was granted, shall befiled in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this Litigation, the words "CONFIDENTIAL MATERIAL—SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by

order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

7. Each individual, other than counsel for the parties, given access to Confidential Information pursuant to the terms of this Stipulation shall be advised that the Confidential Information is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof.

8. Entering into, agreeing to and/or complying with the terms of this Stipulation shall not prejudice in any way the right of a party at any time: (1) to seek a determination by the Court of whether any particular item or piece of information should be subject to the terms of this Stipulation; or (2) to seek relief on notice from any provisions of this Stipulation, either generally or as to any particular document or piece of information.

9. Whenever a party objects to the treatment of a document or a portion of a deposition transcript and/or interrogatory response as Confidential Information, counsel for that party shall give such notification in writing to counsel for the party requesting such confidential treatment. Within ten (10) business days of receipt of said notice, the party requesting confidential treatment may apply to the Court for a ruling that the document or transcript shall be treated as Confidential Information pursuant to the terms of this Stipulation. The document or transcript shall be treated as Confidential Information pursuant to the terms of this Stipulation until the Court rules on such application.

10. The parties reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning evidence at the trial or may do so by later agreement at or before the trial. Nothing in this Stipulation shall limit the use of any discovery material at trial, except as ordered by the Court upon application by either party.

11. Upon the termination of this Litigation, the parties shall return to counsel for the producing party documents containing the Confidential Information produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction. Any copies of documents containing Confidential Information which bear the notations of a non-producing party or the non-producing party's counsel need not be returned to counsel for the producing party and shall be destroyed promptly by counsel for the non-producing party, who shall give written notice of the destruction of the documents to counsel for the producing party. The foregoing notwithstanding, counsel of record in this case may keep and preserve Confidential Information in their respective document management systems, with the appropriate correlative designations and safeguards, and neither destroy nor return such Confidential Information.

12. If Confidential Information in the possession of a receiving party is subpoenaed or ordered to be produced by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or require the production of such data or information, the party to whom the subpoena or order is directed shall not provide or otherwise disclose such documents or

information (unless ordered to do so by the court), without first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena or order; (2) the date on which compliance with the subpoena or order is requested; (3) the location at which compliance with the subpoena or order is requested; (4) the identity of the party or entity serving the subpoena or order; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or order has been issued. The foregoing notwithstanding, such notification need not be given if doing so would contravene federal or state law.

13. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony, or other evidence in this Litigation. This Stipulation is without prejudice to the right of any party to bring before the Court, as applicable, at any time, the question of whether any particular information is or is not discoverable or admissible in this Litigation, and such right is expressly reserved. Furthermore, by agreeing to this Stipulation, the parties do not waive any objections to admissibility, relevancy, or any other discovery objections.

14. This Stipulation has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

15. Documents that contain personal health information as defined by HIPAA may be subject to discovery in this case and are to be produced just like any other document. However, the party receiving documents that contain such personal health

information that falls under HIPAA shall not disseminate the document to a third party (unless in dispositive motions, in deposition, or trial), and before any such dissemination occurs, the document shall be redacted so the third party cannot identify the specific individual, unless the identity of the person and the extent of the care that they received or did not receive is an issue in the case. Concerning any dissemination in any court file, documents containing any such information must be redacted so anyone who reads the document will not be able to determine the identity of the individual, such as by redacting any social security number or possibly a first or last name.

16. This Stipulation is without prejudice to the right of any person or entity to seek a modification of this Stipulation at any time.

**Ordered** in Jacksonville, Florida on June 29, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
J. Eric Jones, Esquire
Katherine Baldwin Brezinski, Esquire
Richard N. Margulies, Esquire